JS 44 (Rev. 07/16)

# LDD

# CIVIL COVER SHEET

*16-Cv-4812*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

*16   4812*

## I. (a) PLAINTIFFS

Konstantinos Apostolou

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*   215 564 4300
Christopher D Mannix Esquire
Law Office of Christopher D Mannix
1515 Market Street Suite 1801
Philadelphia, PA 19102

## DEFENDANTS

City of Philadelphia

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 840 Trademark | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 2000e et seg

Brief description of cause:
Employment Discrimination - Sex, National Origin, Retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   9/7/16

SIGNATURE OF ATTORNEY OF RECORD   *Christ. D Mannix*

SEP - 7 2016

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 07/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

16   4812

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Konstantinos Apostolou, 1837 Tomlinson Rd, Phila Pa 19116

Address of Defendant: City of Philadelphia, One Parkway 1515 Arch St 14th Floor Phila 19102

Place of Accident, Incident or Transaction: Philadelphia
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☒

Does this case involve multidistrict litigation possibilities?      Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, CHRISTOPHER D MANNIX, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9/7/16      _____      PA 46442  USDC CDM179
Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/7/16      _____      PA 46442  USDC - CDM179
Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

SEP - 7 2016

**LDD** THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

KONSTANTINOS APostolou :          CIVIL ACTION

v. :

CiTY OF PhiladelPhia :          **16   4812**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

9/7/16
**Date**

215 564 4300
**Telephone**

CHRISTopher Mannix
Attorney-at-law
215 977-7148
**FAX Number**

PLAiNTiFF
**Attorney for**

MANNIX@ MANNIXlaw.
Net
**E-Mail Address**

(Civ. 660) 10/02

SEP - 7 2016

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.





## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**KONSTANTINOS APOSTOLOU**
1837 Tomlinson Road
Philadelphia, PA 19116

       Plaintiff,

   v.

**CITY OF PHILADELPHIA**
One Parkway
1515 Arch Street
14th Floor
Philadelphia, PA 19102

       Defendant.

CIVIL ACTION

NO.    **16   4812**

**JURY TRIAL DEMANDED**

### COMPLAINT

### PARTIES

1. Plaintiff Konstantinos Apostolou is an adult individual and a citizen of the United States, and he is a citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

2. Defendant City of Philadelphia ("City") is a political subdivision of the Commonwealth of Pennsylvania; specifically, it is a municipal entity that exists and acts pursuant to state law.

1

3. For all pertinent intents and purposes herein, including identification and naming of the party Defendant, the City includes the Philadelphia Police Department ("Department").

4. The City is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and it has thousands of employees. The Department is a division/component/agency and/or subagency of the City, with its headquarters at 750 Race Street, Philadelphia, PA 19106.

## JURISDICTION AND VENUE

5. Jurisdiction over this action is conferred upon this Court pursuant to 28 U.S.C. Section 1331, in that the causes of action arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and related federal regulations. The causes invoke the sex anti-discrimination, national origin anti-discrimination, and, anti-retaliation provisions, of the aforesaid law.

6. Venue lies in the United States District Court for the Eastern District of Pennsylvania because the causes of action herein arose in this District and a substantial part of the events and acts giving rise to the claims herein occurred in this District.

## FACTS

7. The Plaintiff is Male, and his background is of one hundred percent Greek national origin.

2

8. At all pertinent times hereto, the Plaintiff's Greek background was well-known in the Department and his District, including to the Sergeant (Jay McLain) who began to discriminate, harass, oppress, frighten and abuse him starting in October 2014.

9. The Plaintiff's association/employment with the Philadelphia Police Department began in 2006, first as a Police Recruit, and he has had an excellent record of accomplishment and service throughout his entire employment as a Police Officer, which remains ongoing despite the violations of his civil rights.

10. In October 2014, the Plaintiff was a Police Officer in the Department's 2nd District. The Plaintiff was an outstandingly productive, competent and professional Officer.

11. The continuing course of discrimination at issue herein began in October 2014, first starting during and after roll calls presided over by Plaintiff's direct superior, Sergeant Jay McLain.

12. McLain stated during an October 2014 roll call that the Greeks invented anal sex. This was unlawfully directed to the one hundred percent Greek Plaintiff.

13. The unlawful import of such remark was a suggestion that Plaintiff was a male homosexual.

14. With that, a continuous course of oppressive verbal and physical harassment and abuse by McLain was put in place, based (1) on Plaintiff being Male and McLain's constant homosexual-themed comments, slurs, and physical actions, and based (2) on Plaintiff's Greek origin, and eventually there also began retaliation, based (3) on Plaintiff's June 2015 lodging of a Complaint with the Department EEO, his July 2015 visit to the EEOC, and other complaints.

15. The continuous disgraceful, unlawful, hostile, oppressive, abusive discrimination and harassment included:

3

(a)    McLain touching and squeezing Plaintiff's buttocks,

(b)    McLain rubbing Plaintiff's shoulders,

(c)    McLain touching Plaintiff's face,

(d)    McLain repeatedly telling Plaintiff or pointedly saying in his presence that the Greeks invented anal sex,

(e)    McLain referring to the Plaintiff shaving "everything", an obvious reference to pubic hair,

(f)    McLain saying repeatedly that he was "fixed" and therefore could not get the Plaintiff pregnant,

(e)    During a June 13, 2015 roll call, McLain asking Plaintiff how Plaintiff's "boyfriend" liked Plaintiff's beard (Plaintiff replied that his wife liked it),

(f)    McLain forcefully hitting Plaintiff on his back,

(g)    McLain saying during roll call "It's not gay because I said good game",

(h)    McLain saying during roll calls that there were "sensitive" people present, clearly an implication that gays are sensitive and that Plaintiff was gay,

(i)    On June 14, 2015, McLain told Plaintiff that he (McLain) was going "to get you on something every day",

(j)    McLain making sexual advances, and

(k)    McLain making constant homosexual-themed comments.

16. McLain's conduct frightened and physically frightened the Plaintiff.

17. The Plaintiff was also afraid to be in a men's room with McLain.

18. The unlawful, disgraceful and oppressive conduct of McLain – which was disgracefully tolerated by his superiors and the City – caused the Plaintiff enormous, pain, stress,

4

anxiety, and humiliation, and the Plaintiff has received therapy for same. The Plaintiff feels that he has been "raped" by McLain.

19. In June 2015, the Plaintiff complained about McLain to the Department EEO.

20. Two weeks later, the Plaintiff was moved from McLain's direct supervision but McLain still harassed the Plaintiff.

21. In July 2015, the Plaintiff went to the EEOC to complain about the discrimination and retaliation.

22. In August 2015, the Plaintiff requested a transfer to the plainclothes narcotics unit in his District.

23. Although he was eminently qualified, he received no reply to his request.

24. The aforesaid was retaliation.

25. The Plaintiff was further retaliated against by continued harassment.

## PROCEDURAL AND ADMINISTRATIVE REQUIREMENTS

26. On December 10, 2015, the EEOC issued Charge of Discrimination No. 530-2015-03789 for discrimination based on both sex and national origin, and retaliation, on a continuing action basis from October 15, 2014 continuing through December 10, 2015.

27. The Charge of Discrimination was dual filed, with the PHRC.

28. On June 9, 2016, the Plaintiff received from the EEOC in the mail a Dismissal and Notice of Rights that stated it had been mailed on June 6, 2016, but it had actually been mailed on a later date no earlier than June 7, 2016.

## COUNT I

### Title VII of the Civil Rights Act of 1964, as Amended.

### Discrimination Based on Sex

29. Plaintiff incorporates by reference paragraphs 1 through 28 as though same were fully set forth at length.

30. The Plaintiff has been unlawfully and continuously discriminated against (and abused and oppressed) on account of his sex, Male, all to his substantial financial, professional, emotional, health, and other detriment.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant City of Philadelphia for:  monetary damages and compensatory damages (including awards for back pay, front pay, lost wages, lost overtime;  future losses, lost benefits, lost pay increases and incentives; lost sick, vacation, holiday and compensatory pay, time and credit, health care expenses); and, including for injury to reputation, humiliation, loss of professional development; and, including for punitive damages and reasonable attorney fees and statutory interest; and, the Plaintiff further demands all declaratory and injunctive and affirmative relief necessary to effectuate the purposes and remedies of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and related federal regulations, finding that the above-described

6

practices are unlawful and enjoining their past and continued effects, and all other relief the
Court deems just.

**COUNT II**

**Title VII of the Civil Rights Act of 1964, as Amended.**

**Discrimination Based on National Origin**

31. Plaintiff incorporates by reference paragraphs 1 through 30 as though same were fully
set forth at length.

32. The Plaintiff has been unlawfully and continuously discriminated against and abused
and oppressed on account of his background of Greek national origin, all to his substantial
financial, professional, emotional, health, and other detriment.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant City of
Philadelphia for: monetary damages and compensatory damages (including awards for back pay,
front pay, lost wages, lost overtime; future losses, lost benefits, lost pay increases and
incentives; lost sick, vacation, holiday and compensatory pay, time and credit, health care
expenses); and, including for injury to reputation, humiliation, loss of professional development;
and, including for punitive damages and reasonable attorney fees and statutory interest; and, the
Plaintiff further demands all declaratory and injunctive and affirmative relief necessary to
effectuate the purposes and remedies of Title VII of the Civil Rights Act of 1964, as amended,

7

42 U.S.C. Section 2000e et seq., and related federal regulations, finding that the above-described practices are unlawful and enjoining their past and continued effects, and all other relief the Court deems just.

## COUNT III

### Title VII of the Civil Rights Act of 1964, as Amended.

#### Retaliation

33. Plaintiff incorporates by reference paragraphs 1 through 32 as though same were fully set forth at length.

34. The Plaintiff has been unlawfully retaliated against for his making of a charge of discrimination to the Department EEO, and then going to the EEOC with his complaints, and otherwise complaining, all to his substantial financial, professional, emotional, health, and other detriment.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant City of Philadelphia for: monetary damages and compensatory damages (including awards for back pay, front pay, lost wages, lost overtime; future losses, lost benefits, lost pay increases and incentives; lost sick, vacation, holiday and compensatory pay, time and credit, health care expenses); and, including for injury to reputation, humiliation, loss of professional development; and, including for punitive damages and reasonable attorney fees and statutory interest; and, the Plaintiff further demands all declaratory and injunctive and affirmative relief necessary to

8

effectuate the purposes and remedies of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and related federal regulations, finding that the above-described practices are unlawful and enjoining their past and continued effects, and ordering the appropriate promotion of the Plaintiff and all other relief the Court deems just.

## COUNT IV

### Pennsylvania Human Relations Act, 43 P.S. Section 951 et seq.
### Sex and National Origin Discrimination and Retaliation

35. Plaintiff incorporates by reference paragraphs 1 through 34 as though same were fully set forth at length.

36. The Plaintiff has been unlawfully discriminated against and abused and oppressed on account of his Male sex and his background of Greek national origin and has been unlawfully retaliated against for his making of a charge of discrimination to the Department EEO, and then going to the EEOC, and otherwise complaining, all to his substantial financial, professional, emotional, health, and other detriment.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant City of Philadelphia for: monetary damages and compensatory damages (including awards for back pay, front pay, lost wages, lost overtime; future losses, lost benefits, lost pay increases and incentives; lost sick, vacation, holiday and compensatory pay, time and credit, health care expenses); and, including for injury to reputation, humiliation, loss of professional development; and, including for punitive damages and reasonable attorney fees and statutory interest; and, the Plaintiff further demands all relief including declaratory and injunctive and affirmative relief necessary to effectuate the purposes and remedies of Pennsylvania Human Relations Act, 43 P.S.

9

Section 951 et seq. and related regulations, finding that the above-described practices are unlawful and enjoining their past and continued effects, and ordering the appropriate promotion of the Plaintiff and all other relief the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

LAW OFFICES OF CHRISTOPHER D. MANNIX

CHRISTOPHER D. MANNIX, ESQUIRE
CDM179
Pennsylvania Attorney ID No. 46442
1515 Market Street, Suite 1801
Philadelphia, PA 19102
215.564.4300

September 7, 2016

10