IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KONSTANTINOS APOSTOLOU, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 16-4872 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

# ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of the parties' supplemental briefs, it is hereby **ORDERED** and **DECREED** that Plaintiff's Title VII Retaliation claim is **DISMISSED** with prejudice.

BY THE COURT:

_____
NITZA I. QUINONES ALEJANDRO, J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KONSTANTINOS APOSTOLOU, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 16-4872 |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant, City of Philadelphia, hereby submits this supplemental brief of its Motion for Summary Judgment.

**I. PROCEDURAL HISTORY**

Defendant moved for summary judgement on all claims asserted by Plaintiff. See Docket Entry # 24. This Court entered a memorandum opinion and order granting, in part, and denying, in part, Defendant's motion on all counts except for Plaintiff's Title VII Retaliation claims. See Docket Entries # 47-49. This Court has instructed the parties to submit supplemental briefs specifically addressing whether or not Defendant's failure to transfer an Plaintiff to the NETS unit constitutes an actionable adverse employment action sufficient to establish a Title VII retaliation claim in light of Swain v. City of Vineland, 457 F. App'x 107 (3d Cir. 2012). Id.

**II. ARGUMENT**

Defendant's non-transfer of Plaintiff to the NETS unit, a lateral position, after he filed his EEO complaint is not an actionable adverse employment action in the scope of a Title VII retaliation claim, and as such, Plaintiff's Title VII retaliation claim should be dismissed.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that: "(1) [he] engaged in protected activity; (2) the employer engaged in conduct constituting an adverse action either contemporaneous with or after the protected activity; and (3) a causal connection between the protected activity and the adverse action." Jones v. SEPTA, 796 F.3d 323, 330 (3d Cir. 2015). The U.S. Supreme Court has acknowledged a broader definition of adverse employment action that than which is used in Title VII Discrimination claims. Swain v. City of Vineland, 457 F. App'x 107, 111 (3d Cir. 2012) (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)). Plaintiff must show that a reasonable employee would have found the challenged action materially adverse, [which means that it] might have dissuaded a reasonable worker from making or supporting a charge of discrimination, to establish a that he suffered a requisite adverse employment action for a Title VII retaliation claim. Id.

In Swain, the Third Circuit addresses the established principle that in the context of a Title VII Discrimination claim, a purely lateral transfer, that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse action. Swain, 457 F. App'x at 110. In analyzing a case where the Plaintiff was denied a purely lateral transfer, the Court in Swain held that such a denial does not constitute an adverse employment action necessary to establish a claim under Title VII Discrimination. Id.

The Defendant is not aware of a Third Circuit case that has specifically addressed whether a refusal or denial of a lateral transfer constitutes an adverse employment action for a Title VII retaliation claim; however, other district courts in the Third Circuit have held that a lateral transfer does not constitute an adverse employment action sufficient to establish a *prima facie* case for retaliation under Title VII. In Hair v. Fayette Cty. of Pennsylvania, 265 F. Supp. 3d

544, 567–68 (W.D. Pa. 2017), the Court held that an employee's lateral transfer to a position at a different office with the same salary and benefits did not constitute an adverse employment action sufficient to establish a retaliation claim under Title VII. Id. The Court explained that a transfer involving no reduction in pay and no more than a minor change in working conditions would not constitute an adverse employment action either. Id. at 568.

Another Western District of Pennsylvania Court made a similar finding in Wright v. Providence Care Ctr., LLC, No. CV 17-747, 2017 WL 6059679, at *7 (W.D. Pa. Dec. 7, 2017). In Wright the Court held that a lateral transfer was not an adverse employment action sufficient to bring a Title VII Retaliation claim. Id. The Court went on to explain that Plaintiff's assertions that she was transferred to a disorganized unit did not persuade the Court that the transfer was actionable. Id.

In the instant case, Plaintiff cannot establish that his non-transfer to NETS is an actionable adverse employment action sufficient to establish the second element of a Title VII retaliation claim because such a transfer would be purely lateral. Captain McLean avers, and Plaintiff admits, that reassignments to the NETS unit (such as the one Plaintiff seeks) are lateral reassignments and do not constitute promotions in rank or base salary. See Defendant's Statement of Material Facts in Support of Its Motion for Summary Judgment ("Material Facts") ¶ 57 and Plaintiff's Response. Furthermore, Plaintiff's transfer request was never actually denied and Plaintiff would be considered for reassignment to NETS if positions in NETS became available in the future. Material Facts ¶¶ 62-63. The fact that Plaintiff and others might find a transfer to NETS desirable does not make it an actionable adverse employment action, just as the Court in Wright found that Plaintiff's opinion that the unit to which he was transferred was "disorganized" did not make that transfer actionable.

**III.    CONCLUSION**

Plaintiff's non-transfer to the NETS unit is not an actionable adverse employment action sufficient to establish a *prima facie* case of retaliation under Title VII because he was never actually denied the transfer, and the transfer itself would be purely lateral. For these reasons, and those articulated in Defendant's Motion for Summary Judgment, Defendant respectfully requests Your Honor enter the attached order dismissing Plaintiff's Title VII retaliation claim with prejudice.

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT

*/s/ Frank E. Wehr II*
FRANK E. WEHR II
PA Attorney ID No. 318464
Assistant City Solicitor
Labor and Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
(215) 683-5183 (phone)
(215) 683-5099 (fax)

DATE: August 15, 2018        frank.wehr@phila.gov

**CERTIFICATE OF SERVICE**

I, Frank E. Wehr II, hereby certify that on this date I caused the foregoing Defendant's Supplemental Brief in Support of Its Motion for Summary Judgement to be filed electronically, where it is available for viewing and downloading.

Dated: <u>August 15, 2018</u>

*/s/ Frank E. Wehr II*_____
FRANK E. WEHR II
PA Attorney ID No. 318464
Assistant City Solicitor
Labor and Employment unit
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
(215) 683-5183