# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KONSTANTINOS APOSTOLOU<br>*Plaintiff* | : <br> : <br> : | CIVIL ACTION <br><br> NO. 16-4812 |
| v. | : <br> : | |
| CITY OF PHILADELPHIA<br>*Defendant* | : <br> : | |

## ORDER

**AND NOW**, this 14th day of January 2019, upon consideration of Defendant's *motion for summary judgment*, [ECF 24], Plaintiff's response in opposition, [ECF 33], Defendant's reply, [ECF 41], Plaintiff's sur-reply, [ECF 42], the parties' respective supplemental briefs, [ECF 50, 51], and Plaintiff's response to Defendant's supplemental brief, [ECF 52], it is hereby **ORDERED** that Defendant's motion is **DENIED** as to Plaintiff's retaliation claim.[1]

BY THE COURT:

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] Plaintiff Kostantinos Apostolou ("Plaintiff"), a Philadelphia police officer, brought this employment discrimination suit against Defendant City of Philadelphia ("Defendant"), alleging claims of unlawful discrimination, hostile work environment, retaliatory hostile work environment, and retaliation. [ECF 1]. This Court granted Defendant's motion for summary judgment as to the unlawful discrimination claim, denied summary judgment as to the hostile-work-environment and retaliatory-hostile-work-environment claims, and deferred ruling on the retaliation claim. [*See* ECF 47]. Supplemental briefing was ordered addressing whether defendant's alleged denial of Plaintiff's request to be transferred to a narcotics unit could constitute a sufficient adverse employment action for purposes of Plaintiff's retaliation claim. [ECF 48]. Having reviewed the parties' supplemental briefs, the Court concludes that the alleged transfer denial could constitute an adverse employment action for purposes of the retaliation claim. Accordingly, Defendant's motion for summary judgment is denied with respect to Plaintiff's retaliation claim.