IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KONSTANTINOS APOSTOLOU, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 16-4812 |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

**DEFENDANT CITY OF PHILADELPHIA'S PRETRIAL MEMORANDUM**

Defendant City of Philadelphia submits this Pretrial Memorandum pursuant to Rule 16.1(c) of the local rules of civil procedure. Defendant reserves the right to amend and/or supplement this Pretrial Memorandum prior to trial.

1. BRIEF STATEMENT OF NATURE OF ACTION AND BASIS OF JURISDICTION

Plaintiff Konstantinos Apostolou asserts claims for hostile work environment, retaliatory hostile work environment, and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq. Jurisdiction is based upon 28 U.S.C. §1331 and 1343.

2. DEFENDANT'S WITNESS LIST

**Defendant notes that all witnesses are currently employed by the City of Philadelphia and can be subpoenaed through undersigned counsel, with the exception of Jay McLain, who is represented by Lauri Kavulich, Esq. and can be subpoenaed through her. Opposing counsel is aware of and has previously communicated with McLain's counsel.**

Captain Thomas McLean—testimony regarding his Command of the 2nd District including EEO complaints, transfers, personnel assignments, management of plaintiff, etc.;

Corporate designee on EEO/internal complaint policies, discipline, training, human resources;

Thomas Farrell—testimony regarding alleged comments he heard from Sgt. Lowe;

Sean King—testimony regarding conversations or comments alleged to have occurred by Thomas Farrell;

Scott Gill—testimony regarding conversations or comments alleged to have occurred by Thomas Farrell;

Kevin Doerr—testimony regarding conversations or comments alleged to have occurred by Thomas Farrell;

Alberino Ciocca—testimony regarding conduct of officers at the 2nd District;

Shamus Nally—testimony regarding conduct of officers at the 2nd District;

Jay McLain—testimony regarding hostile work environment and regarding claims made against him;

Matthew Lowe—testimony regarding NETS unit assignments, NETS unit overtime, and accusations made against him;

Kenneth Michvech—issues regarding police board of injury.

**The following individuals were interviewed by Philadelphia Police Internal Affairs as part of two internal investigations that are relevant to this case (#15-0023 and #16-0021). Some, but not all, of the following individuals may be called by Defendant regarding testimony or statements given during the course of the relevant internal investigations.**

Dominic Johnson—interviewed by internal affairs as part of EEO #15-0023;

Christine McGinley—interviewed by internal affairs as part of EEO #15-0023;

Laura Azhar—interviewed by internal affairs as part of EEO #15-0023;

Timothy Kelly—interviewed by internal affairs as part of EEO #15-0023;

Shamus Nally—interviewed by internal affairs as part of EEO #15-0023;

Alberino Ciocca—interviewed by internal affairs as part of EEO #15-0023;

Felix Reyes—interviewed by internal affairs as part of EEO #15-0023;

Robert Sharp—interviewed by internal affairs as part of EEO #15-0023;

Antimo Piccirillo—interviewed by internal affairs as part of EEO #15-0023;

Michael Gay—interviewed by internal affairs as part of EEO #15-0023;

James Taylor—interviewed by internal affairs as part of EEO #15-0023;

Donna Grebloski—interviewed by internal affairs as part of EEO #15-0023;

Timothy Hegarty—interviewed by internal affairs as part of EEO #15-0023;

Sean Burgess—interviewed by internal affairs as part of EEO #15-0023;

Joanne Pomeroy—interviewed by internal affairs as part of EEO #15-0023;

Carmen Leva—interviewed by internal affairs as part of EEO #15-0023;

Arthur Jones—interviewed by internal affairs as part of EEO #15-0023;

Noel Nieves—interviewed by internal affairs as part of EEO #15-0023;

Francis Cimorelli—interviewed by internal affairs as part of EEO #15-0023;

William Mathieu—interviewed by internal affairs as part of EEO #15-0023;

Katie Vanis—interviewed by internal affairs as part of EEO #15-0023 and #16-0021;

Vincent Maroney—interviewed by internal affairs as part of EEO #15-0023;

William Whartenby—interviewed by internal affairs as part of EEO #15-0023 and #160021;

Robert Cesare—interviewed by internal affairs as part of EEO #15-0023;

Brent Conway—internal affairs sergeant assigned to EEO #15-0023 and #16-0021;

    Sammy Sanchez—interviewed by internal affairs as part of EEO #16-0021;

    Joseph Basciano—interviewed by internal affairs as part of EEO #16-0021;

    Pavel Reznik—interviewed by internal affairs as part of EEO #16-0021;

    Joseph Przepiorka—interviewed by internal affairs as part of EEO #16-0021;

    John Craig—interviewed by internal affairs as part of EEO #16-0021;

    Dianne Murphy—interviewed by internal affairs as part of EEO #16-0021;

    Thomas Devine—interviewed by internal affairs as part of EEO #16-0021;

    Christina Fleming—interviewed by internal affairs as part of EEO #16-0021;

    Hector Rodriguez—interviewed by internal affairs as part of EEO #16-0021;

3. DEFENDANT'S EXHIBIT LIST

    Pleadings;

    Plaintiff's answers to interrogatories;

    Deposition transcripts for depositions taken in this matter, including exhibits;

    EEOC Charges filed by Plaintiff;

    Personnel file, command file, and disciplinary paperwork for Plaintiff;

    PPD Directive 97;

    Personnel file , command file, and disciplinary paperwork for Jay McLain;

    Philadelphia Police Department EEO Investigation #15-0023;

    Philadelphia Police Department EEO Investigation #16-0021;

    Affidavits, declarations, and sign statements used in this litigations such as that produced by Plaintiff from Thomas Farrell;

    Documentation of Plaintiff's overtime earnings;

    Documentation of NETS unit personnel overtime earnings;

Documentation regarding Plaintiff's requests to be transferred to NETS unit;

Documentation regarding the assignment of other PPD personnel to the NETS unit.

**Defendant reserves the right to amend this list should supplemental information become available or relevant. Defendants also reserve the right to use and/or admit into evidence Plaintiff's exhibits listed in his pretrial memorandum. Defendant also reserves the right to object to the admissibility of Plaintiff's exhibits at trial.**

4. ESTIMATED LENGTH OF TRIAL

    This trail should last approximately 4-5 days.

5. SPECIAL ISSUES

    As is noted above, witness Jay McLain is represented by separate counsel.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>March 6, 2019</u>        BY:  <u>s/ *Frank E. Wehr II*</u>
                                     Frank E. Wehr II
                                     Assistant City Solicitor
                                     Pa. Attorney ID No. 318464
                                     City of Philadelphia Law Dept.
                                     1515 Arch St., 16th Fl.
                                     Philadelphia, PA 19102
                                     (215) 683-5183

## **CERTIFICATE OF SERVICE**

I, Frank E. Wehr II, hereby certify that on this date I caused the foregoing Defendant's Pretrial Memorandum to be filed electronically, where it is available for viewing and downloading.

                                                Respectfully Submitted,

                                                CITY OF PHILADELPHIA
                                                LAW DEPARTMENT

Date: <u>March 6, 2019</u>                    BY:  <u>*s/ Frank E. Wehr II*</u>
                                                            Frank E. Wehr II
                                                            Assistant City Solicitor