IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KONSTANTINOS APOSTOLOU, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 16-4812 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

### ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of Defendant's Motion in Limine, it is hereby **ORDERED** and **DECREED** that Defendant's motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is precluded from introducing or referencing the following evidence at the trial of this matter:

1.) Testimony by or reference to Andre Boyer;

2.) Any social media posts by Sgt. Jay McLain or reference thereto;

3.) Any reference to the lawsuit filed by Sgt. Jay McLain against Plaintiff, Defendant and others, Case No. 180602643 in the First Judicial District of Pennsylvania;

4.) Any reference or evidence related to allegations of workplace misconduct by Sgt. Jay McLain other than those made by Plaintiff prior to October 31, 2016;

5.) Any reference or evidence related to Plaintiff's good deeds, achievements, certificates or letters of commendation after October 31, 2016.

BY THE COURT:

_____
NITZA I. QUINONES ALEJANDRO, J.

1

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KONSTANTINOS APOSTOLOU, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 16-4812 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE NON-RELEVANT EVIDENCE**

Defendant, City of Philadelphia, by and through its undersigned counsel, move this Honorable Court for the entry of an order of certain evidence. In support of its motion, Defendant incorporates by reference its Memorandum of law filed contemporaneously herewith.

Respectfully Submitted,

Date: June 7, 2019

*s/ Frank E. Wehr II*
Frank E. Wehr II
Assistant City Solicitor
City of Philadelphia Law Dept.
Labor and Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215-683-5183 ▪ (fax) 215-683-5099

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KONSTANTINOS APOSTOLOU, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 16-4812 |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE NON-RELEVANT EVIDENCE**

I. **INTRODUCTION**

Defendant City of Philadelphia moves this Court for entry of an order precluding the introduction of the following evidence at trial:

1.) Testimony by or reference to Andre Boyer;

2.) Any social media posts by Sgt. Jay McLain or reference thereto;

3.) Any reference to the lawsuit filed by Sgt. Jay McLain against Plaintiff, Defendant and others, Case No. 2643 in the First Judicial District of Pennsylvania;

4.) Any reference or evidence related to allegations of workplace misconduct by Sgt. Jay McLain other than those made by Plaintiff prior to October 31, 2016;

5.) Any reference or evidence related to Plaintiff's good deeds, achievements, certificates or letters of commendation after October 31, 2016.

First, Mr. Boyer was not identified in Plaintiff's initial disclosures and has no relevant testimony to offer in this case as he has no first-hand knowledge of any of the material facts in this case. Second, Defendant believes Plaintiff will attempt to present evidence, either directly or

3

through testimony references, of irrelevant social media posts by Sgt. Jay McLain, other unrelated accusations of workplace misconduct, and any non-relevant lawsuit filed by Sgt. Jay McLain against the Plaintiff. Finally, introduction of

    None of these pieces of evidence have any relevance to the any element of Plaintiff's remaining claims.

## II. FACTS

    Plaintiff's remaining claims are that of hostile work environment, retaliatory hostile work environment, and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq. Specifically, Plaintiff asserts that he was subjected to a hostile work environment in the form of unwelcomed touching, derogatory comments and off-color jokes directed at his race and gender by his supervisor, Sgt. Jay McLain, starting in October of 2014. Plaintiff did not report this conduct through Defendant's internal complaint process until June of 2015. After the complaint was made, Defendant and McLain's schedules did not overlap, but for four times a month. Defendant's internal investigation sustained the allegations made by Plaintiff in his June 2015 complaint against Sgt. Jay McLain and he was suspended for 20 days and transferred to another district entirely, effective October 31, 2016.

    Despite the shift change June 2015, Plaintiff asserts that some of the harassment by Sgt. McLain continued before he was ultimately transferred to another district. Plaintiff filed a second internal complaint against Sgt. Jay McLain on August 3, 2016, alleging that McLain was creating a hostile work environment for Plaintiff in retaliation for his first internal complaint. Plaintiff's August 3, 2016 complaint also asserts that Plaintiff's request to be transfer into a specialized plainclothes narcotics unit at his district, which he made in June of 2015, was not

granted in retaliation for his first internal complaint against McLain. These claims were investigated by internal affairs and were not sustained.

### III. PLAINTIFF SEEKS TO INTRODUCE EVIDENCE AT TRIAL THAT IS IRRELEVANT AND UNFAIRLY PREJUDICIAL.

Under the Federal Rules of Evidence, litigants are prohibited from introducing evidence that is not relevant in the matter being litigated. Specifically, Fed. R. Evid. 401 provides as follows:

> Relevant evidence means evidence having any tendency to make the existence of a fact of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Accordingly, evidence is relevant only if it has any tendency to establish a proposition or fact that is material to the lawsuit. Under Rule 401, testimony which fails to prove or disprove any material fact at issue is irrelevant. Brancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992). Under Rule 402, evidence that is not relevant is not admissible. Fed. R. Evid. 402.

Under Rule 404, "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a). Notwithstanding the general proposition established in Rule 404, Rule 608 permits the credibility of a witness to be attacked or supported by opinion or reputation evidence but the evidence may only refer to the witness' character for truthfulness or untruthfulness. See Mullins v. City of Philadelphia, et al., 2007 U.S. Dist. LEXIS 16114, *17-19 (E.D. Pa. 2007).

Moreover, not all relevant material is admissible. As provided in Fed. R. Evid. 403

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Assuming evidence has probative value pursuant to Rule 401, it will only be admissible so long as its probative value is not substantially outweighed by the negative repercussions of the admitted evidence, as described in Rule 403.  Consequently, evidence that is admissible may be excluded when its probative value is minimal in comparison to its potential for prejudice.  <u>Government of the Virgin Islands v. Felix</u>, 569 F.2d 1274, 1280 (3d Cir. 1978) (citing Fed. R. of Evid. 403).

> **The (1) testimony of Andre Boyer, (2) evidence regarding Sgt. Jay McLain's social media posts, (3) a lawsuit filed by Sgt. Jay McLain against Plaintiff, Andre Boyer, the City of Philadelphia, and others, (4) claims of workplace misconduct against Sgt. Jay McLain after October 31, 2016 and (5) evidence of Plaintiff's good deeds or achievements after October 31, 2016 are not relevant to Plaintiff's remaining claims and any probative value is outweighed by the potential for prejudice.**

**1.    Andre Boyer**

Although Plaintiff has not revealed the nature of the testimony he seeks to adduce from Andre Boyer, Defendant believes Plaintiff seeks to elicit testimony from Boyer about unverified and unrelated accusations of alleged workplace misconduct and bigotry by Sgt. Jay McLain, some of which are not even arguably work related, and/or about a lawsuit McLain has filed against Plaintiff, Boyer, and the City of Philadelphia, amongst others, alleging defamation, false light, and other related claims.  Defendant notes that Plaintiff did not include Boyer on his initial disclosures, and to the best of Defendant's knowledge, Boyer has no first-hand knowledge regarding any of Plaintiff's claims or other facts relevant to this case.  Defendant notes that it listed each and every possible first-hand witness that was interviewed during the investigations that arose from Plaintiff's complaints as potential witnesses and does not object to Plaintiff calling them in this case, subject to appropriate objections such as to duplicative testimony.  By calling Boyer, Defendant suspects Plaintiff intends to present a rumor mill of unverified,

6

inaccurate, and wholly irrelevant accusations to the jury, none of which have relevance to Plaintiff's remaining claims.

Moreover, if Plaintiff were permitted to introduce the testimony of Andre Boyer or the other irrelevant evidence Defendant seeks to preclude with this motion, Defendant would be substantially prejudiced. Pursuant to Federal Rule of Evidence 403 "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" "Unfair prejudice is that which could lead the jury to make an emotional or irrational decision, or to use the evidence in a manner not permitted by the rules of evidence." Comment to Fed.R.Evid. 403. The type of inquiry under Rule 403 is fact-intensive and context-specific. Sprint v. Mendelsohn, 522 U.S. 379 (2008).  Defendant believes Plaintiff intends to introduce the evidence that Defendant seeks to preclude to inflame the jury's perception of Jay McLain, who is not even a Defendant in this case.

2. **Sgt. McLain's social media posts**

Defendant anticipates Plaintiff will attempt to introduce evidence, either directly or through reference, to other non-relevant evidence regarding Jay McLain.  In discovery, Plaintiff produced a number of social media posts made by Jay McLain that could be viewed as inflammatory in nature.  To Defendant's knowledge none of these posts directly reference Plaintiff, Plaintiff's allegations, or even insinuate a relation to Plaintiff or his allegations.  As such, these posts have no relevance to the case.

3. **Sgt. McLain's lawsuit**

Defendant suspects that Plaintiff may attempt to reference the aforementioned lawsuit filed by McLain against Plaintiff and others in August of 2018.  This lawsuit has no relevance to

7

any of Plaintiff's claims as it was filed almost two years after McLain was transferred to a different district than Plaintiff on October 31, 2016.

### 4. Sgt. McLain's alleged misconduct post October 31, 2016

Defendant believes Plaintiff intends to enter evidence about unverified, unsubstantiated, and non-relevant accusations of bigotry and workplace misconduct by McLain, other than those alleged by Plaintiff in this lawsuit. These allegations are not relevant as they do not relate to Plaintiff or his claims as Defendant understands Plaintiff was not even present for these instances of alleged conduct, at least some of which allegedly occurred well after October 31, 2016.

### 5. Evidence of Plaintiff's alleged good character after October 31, 2016

Plaintiff is likely to introduce evidence that the Police Department, or a unit within the Department, provided him with a certificate for "Officer of the Month" and that he participates in various charities and community organizations. Unless his credibility is challenged at trial, under Rule 404, "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a). Plaintiff presumably seeks to introduce evidence that he has a reputation as a leader in the community to demonstrate that he acted similarly during the time period alleged in this suit. This character evidence is not permissible under Rule 404.

Notwithstanding the general proposition established in Rule 404, Rule 608 permits the credibility of a witness to be attacked or supported by opinion or reputation evidence, but the evidence may only refer to the witness' character for truthfulness or untruthfulness. See Mullins v. City of Philadelphia, et al., 2007 U.S. Dist. LEXIS 16114, *17-19 (E.D. Pa. 2007). The type of evidence Plaintiff seeks to introduce does not pertain to his character for truthfulness but his

character for participating in community service or his performance on the job. This evidence is not relevant to the issue in this case – whether Plaintiff was subjected to retaliation, a hostile work environment and a retaliatory hostile work environment – and is an attempt to bolster Plaintiff's credibility.

## IV.     CONCLUSION

Because the testimony of Andrew Boyers, evidence regarding Sgt. Jay McLain's social media posts, his lawsuit against Plaintiff and others—case number 2643 in the First Judicial District of Pennsylvania, allegations of workplace misconduct by Sgt. Jay McLain other than those made by Plaintiff prior to October 31, 2016, and Plaintiff's alleged good deeds are not relevant to the ultimate issue in this case, Plaintiff should be precluded from introducing this evidence at trial.

Respectfully Submitted,

Date: June 7, 2019

*s/ Frank E. Wehr II*
Frank E. Wehr II
Assistant City Solicitor
City of Philadelphia Law Dept.
Labor and Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
215-683-5183 ▪ (fax) 215-683-5099

## CERTIFICATE OF SERVICE

I, Frank E. Wehr II, hereby certify that on this date I caused the foregoing Defendant's Motion in Limine to Exclude Non-relevant Evidence to be filed electronically, where it is available for viewing and downloading.

                                                      Respectfully Submitted,

                                                      CITY OF PHILADELPHIA
                                                      LAW DEPARTMENT

Date: June 7, 2019                             BY: *s/ Frank E. Wehr II*
                                                           Frank E. Wehr II
                                                            Assistant City Solicitor